UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NIBBI BROTHERS, INC.,

    Plaintiff,

    v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

    Defendant.
_____/

No. C-09-2231 EMC

**ORDER DENYING PLAINTIFF'S MOTION FOR TRIAL BY JURY**

**(Docket No. 24)**

Plaintiff Nibbi Brothers, Inc. has filed suit against Defendant National Union Fire Insurance Co. of Pittsburgh, PA for breach of the implied covenant of good faith and fair dealing. Currently pending before the Court is Nibbi's motion for a trial by jury. Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** Nibbi's motion.

## I. FACTUAL & PROCEDURAL BACKGROUND

Nibbi initiated this lawsuit in state court on April 14, 2009. *See* Docket No. 1 (complaint). In its complaint, it did not make a demand for a jury.

After National Union was served with the complaint, it removed the case to federal court and, on May 28, 2009, filed an answer. *See* Docket No. 4 (answer). Under Federal Rule of Civil Procedure 38(b),

> a party may demand a jury trial by:
>
> (1)     serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served; and

|   |   |
|---|---|
| (2) | filing the demand in accordance with Rule 5(d) |

Fed. R. Civ. P. 38(b). Because National Union answered the complaint on May 28, per Rule 38(b), Nibbi had 14 days – *i.e.*, until June 11, 2009 – to make a jury demand. Nibbi failed to do so.

The first time that Nibbi informed the Court that it wanted a jury trial was on October 9, 2009, when it filed a case management conference statement.[1] *See* Docket No. 13 (St. ¶ 18).

Under the current case management order, trial is set for September 27, 2010. Fact discovery is to be completed by May 10, 2010, and expert discovery by June 7, 2010. *See* Docket No. 20 (order).

## II. DISCUSSION

Under Federal Rule of Civil Procedure 39(b), a "court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). National Union does not dispute that Nibbi could have asked for a jury trial on its claim for breach of the implied covenant. National Union argues, however, that, under Ninth Circuit law, a trial court's discretion to grant an untimely request for a jury trial is narrow, and a trial court may not permit a jury trial where the failure to make a timely demand is a result of mere oversight or inadvertence.

There is a conflict among the federal courts as to what standard should be applied in deciding whether or not to grant a motion for a jury trial. "Several courts have stated that a Rule 39(b) motion for a jury trial should always be granted unless there is a strong and compelling reason for denying it." 8-39 Moore's Fed. Prac. – Civ. § 39.31[4][a]. But other

> courts have taken the position that a motion for a jury trial under Rule 39(b) should be granted only when the moving party shows adequate and persuasive grounds for granting the motion. According to these courts, mere oversight or inadvertence are not sufficient ground for granting a motion for a jury trial. More and special circumstances are required to justify granting the motion.

*Id.*; *see also Ruiz v. Rodriguez*, 206 F.R.D. 501, 504 (E.D. Cal. 2002) (noting "wide divergence of opinion" – "[w]hile some Circuits take a restrictive view of the circumstances justifying relief under

---

[1] Nibbi incorrectly claims that the statement was filed in early September 2009. *See* Mot. at 5-6.

1 Rule 39(b), others find the discretion granted to be very broad").

2 As National Union argues, the Ninth Circuit falls into the latter category. As the Ninth Circuit held in *Lutz v. Glendale Union High Sch., Dist. No. 205*, 403 F.3d 1061, 1065 n.4 (9th Cir. 2004), "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." There the plaintiff "points to no explanation other than inadvertence for her failure to make a timely jury trial request as to liability." In *Pacific Fisheries Corp. v. H.I.H. Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000 (9th Cir. 2001), a removal case, the Ninth Circuit rejected the moving party's contention that its attorney had not acted inadvertently but rather made a "good faith mistake of law" in misinterpreting federal and state rules and thereby erroneously calculating the period of time available to make the jury demand. The court stated: "Counsel's reasons for his errors are of no consequence because they are still due to inadvertence or oversight." *Id.* at 1002. *See also Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2002) (a "district court's discretion under Rule 39(b) is narrow and 'does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence' such as a good faith mistake of law with respect to the deadline for demanding a jury trial").

In its papers, Nibbi argues that there is cause beyond mere inadvertence which should lead this Court to grant Nibbi's motion for a jury trial. *See id.* (noting that "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown"). *See, e.g.*, *Jones v. Pan American World Airways, Inc.*, No. 8-2033-DLJ, 1990 U.S. Dist. LEXIS 13728, at *21-22 (N.D. Cal. June 26, 1990) (concluding that "more than mere inadvertence led to the untimely demand in this case" – "[p]laintiff's failure to file a timely demand arose from the breakdown of his communications with his attorney during the period immediately following the filing of the removal petition[;] [b]ecause his attorney was preparing to withdraw from the case, no jury demand was filed"); *Ruiz*, 206 F.R.D. at 505 (concluding that failure to serve the jury demand was not the result of the mere oversight or inadvertence of counsel, but rather the failure of the server to follow counsel's instructions and therefore allowing jury trial). According to Nibbi, the cause beyond mere inadvertence is "[t]he three venue changes from the date this case was originally filed through September 2009 [which] caused the case to remain in limbo[;] [t]his made any filing uncertain until

1  the case was settled in a particular venue."[2]  Reply at 3.  This argument, however, is unavailing.
Nibbi's reason still amounts to oversight or inadvertence.  The only "venue change" that matters was the removal from state to federal court.  The intradistrict "venue change" is immaterial.  Once the case was placed into federal court, Nibbi became bound by the federal procedural rules.  Even if Nibbi had moved to remand, it was still bound by the federal rules unless and until the case was remanded back to state court.

In its papers, Nibbi also suggests that it made a calculated decision not to make a jury demand because it "was not sure if National Union's answer was going to be the final pleading at issue" because Nibbi was thinking about amending the complaint to add additional parties to the lawsuit.  Reply at 3.  This argument is not convincing.  Rule 38(b) does refer to a jury demand being made "no later than 14 days after the last pleading directed to the issue is served" but there is no authority to support Nibbi's contention that a contemplated amendment renders an answer already served something other than "the last pleading."  Fed. R. Civ. P. 38(b).  In short, the reasons advanced by Nibbi for failing to move timely under Rule 38(b) amounts to inadvertence and is not sufficient to warrant relief.

### III.  CONCLUSION

For the reasons discussed above, the Court hereby **DENIES** Nibbi's motion for a jury trial.  This order disposes of Docket No. 24.

IT IS SO ORDERED.

Dated:  January 21, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[2] The three venue changes that Nibbi appears to be referring to are: (1) filing of the case in state court; (2) the removal of the case to federal court; and (3) the transfer of the case from Judge Brazil to this Court.